UNITED STATES of America

v.

Sylvester GRANT

No. 3:03–CR–339–J–99MMH.

United States District Court,
M.D. Florida,

Aug. 12, 2004.

Paul I. Perez, United States Attorney, Frank Merrill Talbot, II, Assistant United States Attorney, Bartow, FL, for the United States.

Rosemary T. Cakmis, Assistant Federal Public Defender, Clyde M. Collins, Jr., Jacksonville, FL, for Defendant.

## *ORDER ON BLAKELY ISSUES*

CORRIGAN, District Judge.

This case is before the Court for the sentencing of defendant Sylvester Grant.

## I. Background

Defendant pled guilty to one count of possessing a firearm after having been previously convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The government now asks that the Court apply USSG § 2K2.1(c)(1)(B) to crossover to the sentencing range under USSG § 2A1.3 (voluntary manslaughter) because a death resulted from defendant's use of the firearm. The government is requesting that the Court basically conduct a manslaughter trial at sentencing under the Guidelines, utilizing the lower standards for admissibility of evidence and the preponderance of the evidence burden traditionally used in Guidelines sentencing. If the Court found USSG § 2A1.3 applicable, it would result in an enhanced sentence under the Guidelines based on facts neither found by a jury nor admitted by defendant in his plea.[1]

On June 24, 2004, the Supreme Court decided *Blakely v. Washington,* — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). On July 7, 2004, the Court requested briefing from the parties on what effect, if any, *Blakely* has on defendant's sentencing. The Court subsequently determined that a more general discussion of *Blakely*'s impact on the United States Sentencing Guidelines beyond the circumstances of defendant's case would be helpful in determining how future sentencings should be handled. To this end, the Court invited the Federal Public Defender and United States Attorney to participate in the argument which the Court held on August 11, 2004. The Court incorporates that discussion by reference here and formalizes the announcement made on the record at the hearing.

## II. Discussion

■ Although guidance from the Eleventh Circuit and the Supreme Court on *Blakely*'s effect on the United States Sentencing Guidelines is forthcoming, the undersigned cannot further postpone sentencing hearings until my superiors decide this issue. Any court is loath to rule that an enactment of Congress is unconstitutional. This is especially true when the entire congressionally mandated federal sentencing scheme is at risk. Thus, I have searched diligently for a way to uphold the Guidelines in their entirety post-*Blakely*. However, I have come to a conclusion which I think is inescapable: The rule of constitutional law announced in *Blakely* does apply to the federal Sentencing Guidelines. I so hold.

There have been a slew of *Blakely* opinions from other courts, district and appellate, which I have read and carefully considered. There is no need to replicate those scholarly efforts here. Instead, what follows is a summary of my holdings and how I intend to proceed until I receive appellate guidance:

1. The Supreme Court's decision in *Blakely* applies to the United States Sentencing Guidelines. *See United States v. Booker,* 375 F.3d 508, 513, 2004 WL 1535858, *4 (7th Cir.2004); *United States v. Ameline,* 376 F.3d 967 (9th Cir.2004); *United States v. King,* 328 F.Supp.2d 1276, 1279, 2004 WL 1769148, *2 (M.D.Fla.2004)

---

1. The probation officer concluded that USSG § 2K2.1(c)(1)(B) was inapplicable. The Florida State Attorney's Office for the Fourth Judicial Circuit did not prosecute the homicide based on the conclusion that the defendant acted in self-defense. As the Court was preparing to issue its written opinion, the government filed a notice withdrawing its request to apply the enhancement. The government's notice does not affect the Court's *Blakely* decision, which was announced at the hearing, and does not affect the impact of *Blakely* on the Court's other sentencings.

(Presnell, J.); *United States v. Croxford,* 324 F.Supp.2d 1230, 2004 WL 1521560, *1 (D.Utah July 7, 2004) (*"Croxford I"*); *United States v. Croxford,* 324 F.Supp.2d 1255 (D.Utah 2004) (*"Croxford II"*).

■ 2. If the Guidelines would require a judge to enhance a sentence by finding facts beyond those "reflected in the jury verdict," the Guidelines are unconstitutional as applied. *Blakely,* —— U.S. at ——, 124 S.Ct. at 2537 (emphasis removed).

■ 3. In a case involving a plea agreement that does not waive *Blakely* rights or contain sufficient factual admissions to support applicable Guidelines enhancement provisions, the Guidelines are unconstitutional as applied. *See Croxford I,* at 1242, 2004 WL 1521560 at *9.

■ 4. The Guidelines can be constitutionally applied when there is no judicial factfinding that increases the defendant's sentence beyond the range dictated by the facts found by the jury. *See United States v. Thompson,* 324 F.Supp.2d 1273, 1274 (D.Utah 2004); *Booker,* 375 F.3d 508, 515. Thus, if the judge does not enhance a sentence based on additional factual findings not made by the jury, either because the judge determines that no enhancements are applicable or a sought after enhancement is not proven,[2] the Guidelines may be constitutionally applied.

■ 5. The Guidelines can be constitutionally applied when a plea agreement waives *Blakely* rights and allows the judge to determine enhancements under the

Guidelines, or a plea agreement contains factual admissions which allow the judge to enhance under the Guidelines. *Blakely,* —— U.S. at ——, 124 S.Ct. at 2541.

■ 6. In a case where the Guidelines are inapplicable because they are unconstitutional as applied under *Blakely,* the Court, pursuant to 18 U.S.C. § 3553(b)(1),[3] will sentence the defendant under 18 U.S.C. § 3553(a). Under 18 U.S.C. § 3553(a), the Court's sentence is informed by the factors contained therein *and* by the Sentencing Guidelines, but is indeterminate so long as it does not exceed the statutory maximum or fall below the statutory minimum. *Cf. United States v. Hammoud,* 378 F.3d 426, 2004 WL 1730309, *1 (4th Cir.2004) (recommending that district courts in the Fourth Circuit announce an alternative sentence pursuant to 18 U.S.C. § 3553(a)).

7. Including sentencing enhancements under the Sentencing Guidelines in the indictment and attempting to prove them to the jury at trial is unauthorized and therefore unavailable.[4] *Croxford I,* at 1242–1245, 2004 WL 1521560 at *10–12; 18 U.S.C. § 3553(a); Fed.R.Crim.P. 32(i)(3)(B).

8. Empaneling a sentencing jury is not authorized by law and is therefore unavailable. *Croxford I,* at 1242–1245, 2004 WL 1521560 at *10–12; 18 U.S.C. § 3553(a); Fed.R.Crim.P. 32(i)(3)(B).

**2.** Thus, for example, if the government seeks an enhancement under the Guidelines, but the government is unable to prove the enhancement by a preponderance of the evidence, the Court will, of course, not enhance. And, if the enhancement is not *in fact* applied, there will be no *Blakely* problem with sentencing the defendant under the Guidelines.

**3.** Section 3553(b)(1) provides that "[i]n the absence of an applicable sentencing guideline, the court shall impose an appropriate sentence, having due regard for the purposes set forth in subsection [18 U.S.C. § 3553](a)(2)."

**4.** Of course, the Court does not have the authority to dictate to the government or the grand jury what it may include in an indictment. However, indictments containing allegations pertaining only to enhancements under the Guidelines will be subject to challenge by defendants via a motion to strike and it is my present intention not to allow the government to present strictly "Guidelines evidence" at trial.

9. The Court will conduct all sentencings under the Guidelines as before *Blakely* so that all Guidelines issues are addressed. The Court will also consider all issues relevant under 18 U.S.C. § 3553(a). If the Court can constitutionally apply the Guidelines, it will. If the Court determines at the sentencing hearing that the Guidelines cannot constitutionally be applied (because the Court is required to apply an enhancement prohibited by *Blakely*), the Court will impose an indeterminate sentence pursuant to 18 U.S.C. § 3553(a), and will also impose an alternative Guidelines sentence in the event the Guidelines are found to be constitutional after appellate review.

10. The undersigned will apply these principles on a case-by-case basis until I either achieve greater wisdom which causes me to reconsider or my superiors on the Eleventh Circuit or Supreme Court give me guidance.

It is so **ORDERED**.